## Nelle v. Milton S. Hershey Medical Center

*Steven Glenn Nelle,* in propria persona.
*Sallie A. Updyke,* for defendants.

308

DOWLING, *J.*, September 9, 1991—In what appears to be a complex medical malpractice action, plaintiff is appearing pro se which has added to the intricate problems in a case of this nature.

It was eventually agreed that the action, originally filed in Philadelphia, be transferred to Dauphin County.* There remain, however, a number of other preliminary objections.

The case, according to the averments in the complaint, concerns a cause of action arising out of alleged acts of negligence occurring at the Milton S. Hershey Medical Center and involving the three defendant physicians who operated on the minor decedent. The child was born with serious heart and lung problems necessitating the placement of a shunt from his aorta to his *right* pulmonary artery. Approximately a year after birth, his condition worsened; and he was admitted to undergo surgery for the placement of another shunt, this time from his aorta to his *left* pulmonary artery. It is averred that defendant's surgeons misread the cardiac catheterization films and attempted to perform a shunt to the right pulmonary artery, only to discover, after entry to the child's chest, that there already was a shunt in place in this area. It was then necessary to close his wound and proceed to make a similar incision on the left side and to insert the proper shunt. After his discharge from the hospital, 34 days after surgery, the child lived for some months, expiring on April 30, 1990.

Defendants first attack lack of specificity in the following averments of negligence:

"(21) The negligence and carelessness of defendants Waldhausen, Magovern and Oaks prior to and during the surgery on plaintiff's decedent from Oc-

---

* See order of Philadelphia County Court, March 15, 1991.

tober 10 through October 14, 1988, consisted of the following. . .

"(c) failure to properly prepare themselves for the surgery by performing the appropriate tests and taking proper precautions. . .

"(g) failure to render reasonable and professional judgment and care under the circumstances. . .

"(i) failure to anticipate and prevent the conditions referred to in (e) and (f) above. . .

"(l) failure to conform to the requisite standard of reasonable medical and professional care;

"(m) failure to exercise the highest degree of care possible under the circumstances; and

"(n) being otherwise negligent at law.

. . .

"(25) The negligence and carelessness of defendant Hershey consisted of the following. . .

"(b) directing or permitting defendants Waldhausen, Magovern and Oaks to undertake the cardiopulmonary care and treatment of the minor decedent under the circumstances. . .

"(f) failing to use due care under the circumstances then known to it or which should have been known to it at the time. . .

"(g) failing to exercise professional competence and use standards that are consistent with the standards of the medical profession within the community; and

"(h) Defendant hospital was otherwise negligent."

We find these paragraphs to be vague and factually deficient, as per our opinion in *Starr v. Myers et al.,* 109 Dauphin Rep. 147 (1988). Accordingly, they are stricken with leave to plaintiff to file a more

specific pleading with respect to these allegations within 30 days.

Defendants also complain of the fact that the three individual defendants, Drs. Waldhausen, Magovern, and Oaks, are' joined together in one count of negligence, and ask that the acts of negligence be specified as to each individual defendant. We feel that separate counts are required only when two or more causes of action are stated. Since the factual background is identical, further delineation contributing separate allegations to each defendant is not required. See Goodrich-Amram 2d, §1020(a):3, as well as *Scruga v. Tuskes,* 21 D.&C. 3d 111 (1981).

In count III of the complaint, plaintiff seeks recovery for *his own* "great pain, mental anguish and suffering" as the result of the death of plaintiff's decedent, as well as recovery of *his own* "loss of earnings and earning capacity." These damages are not recognized in' a wrongful death and survival action; and accordingly, this count will be stricken.

Defendants allege that plaintiff has failed to aver the requisite elements sufficient to support an action for the negligent infliction of emotional distress. In support of this alleged cause of action, plaintiff has set forth in his complaint that "as a result of viewing the injuries and suffering of his son, plaintiff, Steven Glenn Nelle, sustained severe fright, shock, anguish, and emotional distress which were a direct and proximate result of defendants' negligence." (Complaint, para. 32.) Plaintiff further alleges that "as a result of said fright, shock, anguish and emotional distress, plaintiff Steven Glenn Nelle suffered from severe depression and inability to resume his normal activities." (Complaint, para. 33.)

We dealt with a very similar situation in a decision in the past few months, *Sears v. Hershey Medical Center,* 10 D.&C. 4th 182 (1991), wherein we ex-

plained that we did not feel that direct emotional impact was necessary, and that in this type of situation, seeing the result of the alleged tortious conduct would be sufficient. We decline, as we did in *Sears*, to strike a claim for negligent infliction of emotional distress.

Plaintiff also asks for punitive damages; and, considering the basic charge, i.e., operating on the wrong area of the decedent's body, it would be premature to remove this element at the pleading stage.

Accordingly, we enter the following

## ORDER

And now, September 9, 1991, defendants' preliminary objections are sustained in part and denied in part as set forth above.